# Exhibit A

**FILED**
06-10-2022
**ONEIDA COUNTY**
**CLERK OF CIRCUIT**
**COURT**
**2022CV000109**
**Honorable Patrick F**
**O'Melia**
**Branch 1**

**STATE OF WISCONSIN**　　　**CIRCUIT COURT**　　　**ONEIDA**

Amy L. Richards et al vs. Walmart, Inc. et al

**Electronic Filing Notice**

Case No. 2022CV000109
Class Code: Other-Personal Injury

WAL-MART STORES EAST, LP
301 S. BEDFORD STREET SUITE 1
C/O CT CORPORATION SYSTEM
MADISON WI 53703

DANE COUNTY LEGAL NOTICE
SERVED BY: K.V. Sanchez
ON 6/27/22 AT 11:26 A M

Case number 2022CV000109 was electronically filed with/converted by the Oneida County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: d9ed46**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-369-6120.

Oneida County Circuit Court
Date: June 10, 2022

| | FILED |
|---|---|
| | 06-10-2022 |
| | ONEIDA COUNTY |
| | CLERK OF CIRCUIT |
| | COURT |
| | 2022CV000109 |
| | Honorable Patrick F |
| | O'Melia |
| | Branch 1 |

## STATE OF WISCONSIN, CIRCUIT COURT, ONEIDA COUNTY

AMY L. RICHARDS
409 Thayer Street
Rhinelander, WI 54501

       Plaintiff,

WISCONSIN DEPARTMENT OF HEALTH SERVICES
C/O ANDREA PALM, SECRETARY-DESIGNEE
1 WEST WILSON STREET, ROOM 650
MADISON, WI  53703,

       Involuntary Plaintiff,      Case No. _____

v.

                                      Case Code No: 30107
                                      Claim Under § 814.61(1)(a)
                                      A claim for money judgment greater
                                      than the amount under § 799.01(1)(d)

WALMART, INC., a foreign corp.
702 SW 8th Street
Bentonville, AR  72716;
c/o Registered Agent
CT Corporation System,
301 S. Bedford Street, Suite 1,
Madison, WI 53703

WAL-MART STORES, INC., a foreign corp.
702 SW 8th Street
Bentonville, AR  72716;
c/o Registered Agent
CT Corporation System,
301 S. Bedford Street, Suite 1,
Madison, WI 53703

WAL-MART STORES EAST, LP, a foreign corp.
702 SW 8th Street
Bentonville, AR 72716
c/o Registered Agent
CT Corporation System,
301 S. Bedford Street, Suite 1,
Madison, WI 53703

       Defendants.

## SUMMONS

THE STATE OF WISCONSIN:

To Each Person Named Above As A Defendant:

      You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the legal action.

      Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Clerk of Circuit Court, Oneida County Courthouse, 1 S. Oneida Avenue, P O Box 400, Rhinelander, Wisconsin, 54501, and to Peter M. Young, Habush Habush & Rottier S.C., Plaintiff's attorneys, 126 E. Davenport Street, Rhinelander, WI  54501. You may have an attorney help or represent you.

      If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint and you may lose your right to object to anything that is or may be incorrect in the Complaint.  A judgment may also be enforced as provided by law.  A judgment awarding money may become a lien against any real estate you own now or in the future and may be enforced by garnishment or seizure of property.

      Dated at Rhinelander, Wisconsin this 10th day of June, 2022

                  HABUSH HABUSH & ROTTIER S.C. ®
                  Attorneys for Plaintiff


                  *Electronically signed by Peter M. Young*
                  Peter M. Young
                  State Bar #1062054

126 E. Davenport Street
Rhinelander, WI 54501
Telephone:  (715) 365-1900
pyoung@habush.com

FILED
06-10-2022
ONEIDA COUNTY
CLERK OF CIRCUIT
COURT
2022CV000109
Honorable Patrick F
O'Melia
Branch 1

## STATE OF WISCONSIN,  CIRCUIT COURT,  ONEIDA COUNTY

AMY L. RICHARDS
409 Thayer Street
Rhinelander, WI 54501

      Plaintiff,

WISCONSIN DEPARTMENT OF HEALTH SERVICES
C/O ANDREA PALM, SECRETARY-DESIGNEE
1 WEST WILSON STREET, ROOM 650
MADISON, WI 53703,

      Involuntary Plaintiff,

v.

WALMART, INC., a foreign corp.
702 SW 8th Street
Bentonville, AR  72716;
c/o Registered Agent
CT Corporation System,
301 S. Bedford Street, Suite 1,
Madison, WI 53703

WAL-MART STORES, INC., a foreign corp.
702 SW 8th Street
Bentonville, AR  72716;
c/o Registered Agent
CT Corporation System,
301 S. Bedford Street, Suite 1,
Madison, WI 53703

WAL-MART STORES EAST, LP, a foreign corp.
702 SW 8th Street
Bentonville, AR 72716
c/o Registered Agent
CT Corporation System,
301 S. Bedford Street, Suite 1,
Madison, WI 53703

      Defendants.

Case No. _____

Case Code No: 30107
Claim Under § 814.61(1)(a)
A claim for money judgment greater
than the amount under § 799.01(1)(d)

COMPLAINT

Plaintiff, by her attorneys, HABUSH HABUSH & ROTTIER S.C., as and for her complaint against the defendants, alleges and show to the Court as follows:

1.     Plaintiff Amy L. Richards is an adult citizen and resident of the State of Wisconsin, residing and domiciled at 409 Thayer Street, Rhinelander, WI 54501.

2.     Involuntary Plaintiff, Wisconsin Department of Health Services, is a health maintenance organization organized pursuant to Wis. Stat. § 49.89(9) with offices for service of process located at 1 West Wilson Street, Room 650, Madison, Wisconsin, 53703.  Further allege that, upon information and belief, the defendant, Wisconsin Department of Health Services, may have made payment and may make payment in the future of medical expenses incurred as a result of the incident, which is the subject of this lawsuit and, pursuant to said payments, may be subrogated to the extent of its payments pursuant to Wis. Stat. § 49.89(2)-(5).

3.     Defendant Walmart, Inc., is a foreign corporation with a principal place of business located at 702 SW 8th Street, Bentonville, AR 72716.  The registered agent for service of process is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.  That upon information and belief, Walmart, Inc. does substantial business in the County of Oneida, State of Wisconsin.

4.     Defendant Wal-Mart Stores, Inc., (hereinafter referred to as "Wal-Mart"), is a foreign corporation with a principal place of business located at 702 SW 8th Street, Bentonville, AR 72716. The registered agent for service of process is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703. That upon information and belief, Wal-Mart does substantial business in the County of Oneida, State of Wisconsin.

5.        Defendant Wal-Mart Stores East, LP, (hereinafter referred to as "Wal-Mart East"), is a foreign corporation with a principal place of business located at 702 SW 8th Street, Bentonville, AR 72716.  The registered agent for service of process is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.  That upon information and belief, Wal-Mart East does substantial business in the County of Oneida, State of Wisconsin.

6.        Plaintiff alleges that her damages are more than the minimum amount necessary to invoke the jurisdiction of this Court.

7.        On and before July 14, 2020, Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East owned, controlled and operated a retail store whose physical location is 2121 Lincoln Street, Rhinelander, WI 54501 (hereinafter "the store" or "store"), which is the location of the incident that gave rise to this lawsuit.

8.        On July 14, 2020, Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East, by and through one or more of its agents and/or employees and/or representatives and/or servants, negligently allowed the floor at the entrance and exit area of the store, to become and remain wet, slippery, hazardous and unsafe.  Further, Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East negligently failed to warn patrons and frequenters of its store of the wet, slippery, hazardous, and unsafe condition of the floor by use of signs, barricades or any other means, whatsoever, and negligently failed to address the wet, slippery, hazardous, and unsafe condition of the floor by use of mats or other anti-slip items or material.

9.        On July 14, 2020, Plaintiff Amy L. Richards was a patron and frequenter of said store when, upon exiting the store, she slipped and fell on said wet, slippery, hazardous and unsafe floor surface.

10.       Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East is liable to the Plaintiff for the negligent acts and omissions of its agents and/or employees and/or

representatives and/or servants while acting within the course and scope of employment, and/or while under the direction and control of Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East.

11.     As a result of her fall, Plaintiff Amy L. Richards sustained severe and permanent injuries for which she has received extensive and ongoing health care, treatment, and rehabilitation.

12.     As a result of the injuries she suffered, Plaintiff Amy L. Richards suffered great pain of body and mind, incurred medical and hospital expenses, lost wages, pain, suffering, disability, disfigurement, and other damages.  Said Plaintiff's injuries are permanent in nature, thereby causing the Plaintiff to suffer pain and disability in the future, incur medical and hospital expenses in the future, sustain a future loss of earning capacity, and sustain interference with her normal activities.

## **FIRST CAUSE OF ACTION - NEGLIGENCE**

13.     Plaintiff realleges and incorporates herein by reference all of the foregoing allegations with the same force and effect as through fully set forth and repeated herein.

14.     Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East, by and through one or more of its agents and/or employees and/or representatives and/or servants, was negligent in the following respects, including, but not limited to:

a.  Negligently creating, and/or maintaining, and/or allowing to persist, a hazardous and unsafe condition and environment for employees and frequenters of said building by allowing water to accumulate and remain in the exit area of the store.

b.  Negligently creating, and/or maintaining, and/or allowing to persist, a hazardous and unsafe condition by neglecting to reasonably warn patrons and frequenters of the wet, slippery, hazardous, and unsafe condition of the floor surface in the exit area of the store, and in further failing to utilize barricades or other means to warn and protect patrons and frequenters from said wet, slippery, hazardous and unsafe condition.

    c.  Negligently creating, and/or maintaining, and/or allowing to persist, a hazardous and unsafe condition by neglecting to reasonably utilize mats or other non-slip/anti-slip surfaces to mitigate the wet, slippery, hazardous, and unsafe condition of the floor surface in the exit area at the location of the incident.

    d.  Failing to properly inspect and maintain the building and premises in question.

    e.  Failing to adequately train and supervise its employees regarding safe floor conditions and other safe work practices.

    f.  Was otherwise negligent.

15.    Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East's negligence, and the negligence of its agents and/or employees and/or representatives and/or servants, was a substantial factor in causing the fall, injuries, and damages sustained by Plaintiff Amy L. Richards.

## SECOND CAUSE OF ACTION – SAFE PLACE VIOLATION

16.    Plaintiff realleges and incorporates herein by reference all of the foregoing allegations with the same force and effect as through fully set forth and repeated herein.

17.    Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East was an employer, as that term is defined and used in Chapter 101, *Wis. Stat.*, at the time of the fall and injuries sustained by Plaintiff Amy L. Richards.

18.    At the time of said fall and injuries sustained by Plaintiff Amy L. Richards, the premises upon which she was injured was a place of employment and a public building as those terms are defined in Chapter 101, *Wis. Stats.*

19.    At the time of the fall described herein, Plaintiff Amy L. Richards was a frequenter – as that term is used in Ch. 101, *Wis. Stats.* – of the store.

20.    At all times material, Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East had ownership and/or control and/or custody – as those terms are defined in Ch. 101,

*Wis. Stats.* – of the store.

21.     Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East, by and through

one or more of its agents and/or employees and/or representatives and/or servants, violated

Section 101.11 *Wis. Stat.*, in the following respects, including, but not limited to:

     a.  Created a hazardous and unsafe condition and environment for employees and frequenters of said building by allowing water to accumulate and remain in the exit area of the store.

     b.  Created a hazardous and unsafe condition by failing to place signs warning patrons and frequenters of the wet, slippery, hazardous, and unsafe condition of the floor surface, and in further failing to utilize barricades or other means to warn and protect patrons and frequenters from said wet, slippery, hazardous and unsafe condition.

     c.  Failed to adequately train and supervise its employees regarding safe floor conditions and other safe work practices.

     d.  Failed to provide a building and premises which was as safe as its nature would reasonably permit.

     e.  Failed to provide, adopt, and use methods and processes reasonably adequate to render the building and premises as safe as its nature would reasonably permit; including a failure to furnish and use safety devices and safeguards.

     f.  Failed to properly inspect and maintain the building and premises in question as safe as its nature would reasonably permit.

     g.  Failed to take every other action that was reasonably necessary to protect the life, health, safety and welfare of users and frequenters of this business premises.

     h.  Was otherwise negligent.

22.     Defendant Walmart, Inc. and/or Wal-Mart and/or Wal-Mart East's violation of

Section 101.11 *Wis. Stats.*, and the violation of Section 101.11 *Wis. Stats.* by its agents and/or

employees and/or representatives and/or servants, was a substantial factor in causing the fall,

injuries, and damages sustained by Plaintiff Amy L. Richards.

WHEREFORE, Plaintiff demand that judgment be entered in her favor as follows:

A.      In favor of the Plaintiff, Amy L. Richards, and against the defendants, Walmart, Inc. and Wal-Mart, and Wal-Mart East in an amount sufficient to constitute fair and reasonable compensation for the injuries and damages suffered by the plaintiff;

B.      In the event of settlement or verdict in favor of the plaintiff, for an order declaring the rights of the plaintiff to any settlement/verdict proceeds, superior to that of any subrogated carrier and further, for a declaration that the plaintiff is not obligated to pay any funds to any subrogated carrier;

C.      For costs, disbursements and prejudgment interest; and

D.      For whatever further relief the Court deems proper.

**PLEASE TAKE NOTICE THAT THE PLAINTIFF HEREBY DEMANDS
TRIAL BY A TWELVE PERSON JURY**

Dated at Rhinelander, Wisconsin this 10th day of June, 2022

HABUSH HABUSH & ROTTIER S.C. ®
Attorneys for Plaintiff

_Electronically signed by Peter M. Young_
Peter M. Young
State Bar #1062054

126 E. Davenport Street
Rhinelander, WI 54501
Telephone:  (715) 365-1900
pyoung@habush.com

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **ONEIDA COUNTY**
                                    **BRANCH 1**

---

AMY L. RICHARDS
409 Thayer Street
Rhinelander, WI 54501

      Plaintiff,

WISCONSIN DEPARTMENT OF HEALTH SERVICES
C/O ANDREA PALM, SECRETARY-DESIGNEE
1 WEST WILSON STREET, ROOM 650
MADISON, WI  53703,

      Involuntary Plaintiff,

v.

WALMART, INC.
702 SW 8th Street
Bentonville, AR  72716;

WAL-MART STORES, INC.
702 SW 8th Street
Bentonville, AR  72716;

WAL-MART STORES EAST, LP
702 SW 8th Street
Bentonville, AR 72716

      Defendants.

Case No. 2022-CV-109
Case Code No: 30107
Claim Under § 814.61(1)(a)
A claim for money judgment greater
than the amount under § 799.01(1)(d)

---

**PLAINTIFF'S FIRST SET OF WRITTEN INTERROGATORIES TO DEFENDANT
PURSUANT TO § 804.08, WISCONSIN STATUTES**

---

To:    Wal-Mart Stores, Inc.
        Walmart, Inc.
        Wal-Mart Stores East, LP

**PLEASE TAKE NOTICE** that the plaintiff requires the defendants to answer the following interrogatories in writing and under oath, within forty-five (45) days hereof, in accordance with Rule 804.08, and to produce documents in accordance with Rule 804.09. Answer each interrogatory separately and fully, in writing, under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an Answer. An evasive or incomplete answer is deemed to be a failure to answer under Rule 804.12.

You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matter, and the identity of each person expected to be called as a witness. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

INTERROGATORY NO. 1:  List the names, last known addresses and telephone numbers of all persons who were witnesses to the incident in question or who have knowledge of the facts leading up to and immediately following the incident.

INTERROGATORY NO. 2: List the names, last known addresses and phone numbers of all persons from whom the defendants or any of their representatives have obtained written or recorded statements concerning the incident or claims which are the subject of this lawsuit and the date the statements were obtained.

INTERROGATORY NO. 3:  Identify by name, address, telephone number, and whether or not any identified individual remains an employee of Wal-Mart presently as to the following: Each and every Wal-Mart employee, associate, manager, lead, or Wal-Mart personnel of any title or designation who:

    (a) Was responsible for the condition of the floor surface at the exit to the Rhinelander Wal-Mart prior to the incident of July 14, 2020 in which the Plaintiff slipped and fell;

(b) Was responsible for determining whether and when to place Floor Mats, Carpeted Mats, water-absorbent rugs, or any other non-slip surface, or implementation of air blowers, implementation of dry mopping, or placement of caution cones, signs (e.g. 'Wet Floor') at the store exit to the Wal-Mart in Rhinelander on July 14, 2020.

INTERROGATORY NO. 4:  At the time of the incident referred to in the plaintiff's complaint, do you contend that any person or entity other than you and your employees were responsible for:

(a) The condition of the floor surface at the exit to the Rhinelander Wal-Mart prior to the incident of July 14, 2020 in which the Plaintiff slipped and fell;

(b) For determining whether and when to place Floor Mats, Carpeted Mats, water-absorbent rugs, or any other non-slip surface, or implementation of air blowers, implementation of dry mopping, or placement of caution cones, signs (e.g. 'Wet Floor') at the store exit to the Wal-Mart in Rhinelander on July 14, 2020.

If your contention as to the above questions is in the affirmative, please identify by name, address, employer, and telephone number, any such person or entity.

INTERROGATORY NO. 5:  Was there an *Inclement Weather Plan* in place at the Rhinelander Wal-Mart as of July 14, 2020?  If so, please identify the following:

(a) The person most knowledgeable relative to the *Inclement Weather Plan* at the Rhinelander Wal-Mart as of July 14, 2020;

(b) The document date, draft number, volume number, and number of pages of the *Inclement Weather Plan* as of July 14, 2020;

(c) Each and every location in which the *Inclement Weather Plan* was stored as of July 14, 2020 (e.g. in a paper binder, paper file, digital file, computer, etc.).

INTERROGATORY NO. 6:  Are you aware of any photographs, videos, films or other pictorial or visual evidence that have been taken concerning this matter, including but not limited to security camera footage at the incident location on the date of the incident itself?  If so, provide:

(a) The date of the photographs, videos, films or other pictorial or visual evidence;

3

(b) The custodian of the original photographs, videos, films or other pictorial or visual evidence;

(c) The nature of the subject matter depicted in the photographs, videos, films or other pictorial or visual evidence;

(d) The name, last known address and phone number of the photographer/videographer.

INTERROGATORY NO. 7: Have you taken any movies, videotapes, photographs or any other type of pictorial evidence which in any manner depict the plaintiff from any time on the date of the incident through the present date? If so, provide the name, last known address and phone number of the person who took any such item and of the person who has custody of such items.

INTERROGATORY NO. 8: Do you contend that the plaintiff's actions or omissions were a contributing factor to this incident? If so, please describe in detail each action or omission.

INTERROGATORY NO. 9: State the name and business address of the owner and operator of the business and premises where the incident referred to in the plaintiff's complaint occurred.

INTERROGATORY NO. 10: For each of your employees physically present at the time and place of the incident referred to in the plaintiff's complaint, please state:

(a) His or her name, address, and telephone number;

(b) Job title as of the date of the incident;

(c) The job function he or she was performing at the time of the incident; and

(d) Whether he or she is a current or former employee of your corporation and/or store.

INTERROGATORY NO. 11: Was a report made or prepared by any person concerning this incident? If so state:

4

(a) The name and address of the person who made the report;

(b) The date and type of report made.

INTERROGATORY NO. 12:  Did you or anyone acting on your behalf cause an investigation to be conducted at any time concerning the incident referred to in the plaintiff's complaint?  If so please state:

(a) The date of the investigation;

(b) Where the investigation was made;

(c) The name of the persons conducting the investigation;

(d) Whether any written notes or memoranda of any kind were made in connection with the investigation;

(e) Whether a report of the investigation was produced;

(f) The date of the report; and

(g) The name of the person making the report.

INTERROGATORY NO. 13:  Within the past 5 years preceding the incident in question through the present time, have you received or become aware of any claims or reports of a slip and fall by any person while entering or exiting the Rhinelander Wal-Mart store?  If so, for each claim mentioned please state:

(a) The date of the alleged injury;

(b) The date the claim was received;

(c) Name and address of the alleged injured claimant; and

(e) The name and address of the claimant's attorney, if any.

INTERROGATORY NO. 14:  Had the area where the incident occurred been mopped at any point in time in the one-hour preceding the incident alleged in the plaintiff's complaint?  If so, please state:

5

(a) The date and time it was mopped;

(b) The name, address, and telephone number of each person who mopped the exit area;

(c) The type of equipment and products used; and

(d) The reason it was mopped.

INTERROGATORY NO. 15: State the full name, title, and address of any person who participated in the answering of these requests.

Dated at Rhinelander, Wisconsin this 22nd day of June, 2022.

HABUSH HABUSH & ROTTIER S.C. ®
Attorneys for Plaintiffs

By: /s/ Peter M. Young_____
    Peter M. Young
    State Bar #1062054

MAILING ADDRESS:

126 E. Davenport Street
Rhinelander, WI 54501

Telephone: (715) 365-1900
pyoung@habush.com

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **ONEIDA COUNTY**
                                  **BRANCH 1**

AMY L. RICHARDS
409 Thayer Street
Rhinelander, WI 54501

     Plaintiff,

WISCONSIN DEPARTMENT OF HEALTH SERVICES
C/O ANDREA PALM, SECRETARY-DESIGNEE
1 WEST WILSON STREET, ROOM 650
MADISON, WI  53703,

     Involuntary Plaintiff,

|  |  |
|---|---|
| v. | Case No. 2022-CV-109 |
|  | Case Code No: 30107 |
|  | Claim Under § 814.61(1)(a) |
|  | A claim for money judgment greater |
|  | than the amount under § 799.01(1)(d) |

WALMART, INC.
702 SW 8th Street
Bentonville, AR  72716;

WAL-MART STORES, INC.
702 SW 8th Street
Bentonville, AR  72716;

WAL-MART STORES EAST, LP
702 SW 8th Street
Bentonville, AR  72716

     Defendants.

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS PURSUANT TO § 804.09, WISCONSIN STATUTES

---

TO:    Defendants:
       Wal-Mart Stores, Inc.;
       Walmart, Inc.;
       Wal-Mart Stores, East, LP

1

**PLEASE TAKE NOTICE** that the plaintiffs require the defendants to produce within forty-five (45) days hereof at the offices of their attorneys, HABUSH HABUSH & ROTTIER S.C.®, 408 South Monroe Avenue, Green Bay, Wisconsin 54301, a copy of each of the following described documents:

REQUEST NO. 1:  All photographs, videos, films or any other pictorial or visual evidence which depict the plaintiff in any form or manner from the date of the incident involved in this lawsuit through and including the present date.

REQUEST NO. 2:  All photographs, digital images, computerized images, digital video recordings, computerized video recordings, security camera footage, and audio or video recordings of any kind or nature whatsoever on July 14, 2020 at the Walmart Store located at 2121 Lincoln Street, Rhinelander, WI 54501 that depict any of the following:

(a) Plaintiff Amy Richards at any time while at the Walmart Store on July 14, 2020;

(b)  The incident in which Plaintiff Amy Richards slipped and fell while exiting the store;

(c) The placement, removal, or repositioning, of any mats on the floor of the exit area in which Plaintiff Amy Richards was injured at any time on July 14, 2020 *before* Amy Richards' slip and fall;

(d) The placement, removal, or repositioning of any mats on the floor of the exit area in which Plaintiff Amy Richards was injured at any time on July 14, 2020 *after* Amy Richards' slip and fall;

(e) The placement, removal, or repositioning of any warning devices of any kind on the floor of the exit area in which Plaintiff Amy Richards was injured at any time on July 14, 2020 *after* Amy Richards' slip and fall;

(f) The placement, removal, or repositioning of any warning devices on the floor of the exit area in which Plaintiff Amy Richards was injured at any time on July 14, 2020 *after* Amy Richards' slip and fall;

(g) The placement, removal, or repositioning of any air blowers on the floor of the exit area in which Plaintiff Amy Richards was injured at any time on July 14, 2020 *before* Amy Richards' slip and fall;

2

    (h) The placement, removal, or repositioning of any air blowers on the floor of the exit area in which Plaintiff Amy Richards was injured at any time on July 14, 2020 *after* Amy Richards' slip and fall;

    (i) Walmart personnel interacting with Plaintiff Amy Richards in any way at any time *after* Amy Richards' slip and fall;

    (j) First responders or medical personnel or any other third-persons interacting with Plaintiff Amy Richards in any way at any time *after* Amy Richards' slip and fall.

REQUEST NO. 3:  All photographs, videos, films or any other pictorial or visual evidence of any object or subject relating to the incident in question, the incident scene, or pertaining in any way to the incident in question or injuries or damages claimed by the plaintiff.

REQUEST NO. 4:  All written or recorded statements, including any transcription which is a substantially verbatim recital of an oral statement, taken from or made by any parties or witnesses to the incident in question or persons who have knowledge of the incident or injuries or damages sustained or claimed by the plaintiff.

REQUEST NO. 5:  All policies of insurance issued to you or anyone else which were in effect at the time of the incident, which provided liability coverage to you of any kind, including excess of umbrella coverage.

REQUEST NO. 6:  All blueprints, plans, drawings, plats, sketches, diagrams, maps, or floor-plans that portray the Rhinelander Wal-Mart as of July 14, 2020.

REQUEST NO. 7:  All records, documents or tangible evidence pertaining to any contention or claim of the defendants that any other incident or event caused or aggravated a pre-existing or congenital condition.

REQUEST NO. 8:  All records, documents or tangible evidence pertaining to any contention or claim of the defendants that any pre-existing or subsequent or congenital condition is a cause of the injuries or damages that the plaintiff is claiming in the lawsuit herein.

3

REQUEST NO. 9:  All documents, records or things obtained by you from anyone, pertaining to the plaintiff(s), including but not limited to medical records, employment records, tax records, social security records and workers compensation records.

REQUEST NO 10:  All documents or records pertaining to the care, upkeep, inspection, cleaning and/or maintenance of the floors of the premises where the incident occurred (including any sweep sheets, inspection records, maintenance and repair records,  and cleaning logs) for the 30 days immediately preceding the incident referred to in the plaintiff's complaint.

REQUEST NO 11:  All reports made, taken or prepared by any person concerning the incident in question, including any form, report or record completed by the plaintiff or any employee of the defendant.

REQUEST NO 12:  All versions or revisions of any documents or records which contain or refer to any plans, policies, programs or protocols concerning the inspection and/or maintenance and/or cleaning of the floors of the premises where the incident occurred that were in effect at the time of the incident in question, through the present date.

REQUEST NO 13:  All versions or revisions of any documents, records, manuals, videotapes, pamphlets, or other tangible things concerning procedures, rules, regulations or guidelines to be followed by employees of the defendant pertaining to the inspection, maintenance, and cleaning of the floors of the premises in question.

REQUEST NO 14:  Each document pertaining to or referring to any warning provided by anyone to the plaintiff or anyone else before the incident concerning the presence of water or moisture on the floor.

4

REQUEST NO. 15: Any and all reports, documents, pleadings or records concerning anyone who has slipped and fallen at the entrance or exit to the store referenced in the plaintiff's complaint during the 5 years preceding the incident in question through the present time.

REQUEST NO. 16: Any and all movies, videotapes, photographs or any other type of pictorial evidence which in any manner depict the plaintiff from any time on the date of the incident through the present date.

REQUEST NO. 17: Any and all documentation of any kind or nature whatsoever that memorializes any report made or prepared by any person concerning the incident in which the plaintiff Amy Richards slipped and fell at the date time and location specified in the Complaint.

REQUEST NO. 18: Any and all maintenance manuals or other documents referencing floor-care from any point in time five-years prior to and including the date of the incident.

REQUEST NO. 19: Any and all Wal-Mart Report of Customer Incident forms that pertain to the incident that forms the basis for this lawsuit.

REQUEST NO. 20: Any and all Risk Management Resource Manuals that were in effect as of the date of the incident.

REQUEST NO. 21: If you refuse to produce any documents requested on the grounds of attorney-client privilege or work-product of counsel, provide a privilege log, which provides the date of the document, a general description of the document, a general description of the subject matter of the document, and identifies the author and all recipients.

REQUEST NO. 22: State the full name, title, and address of any person who participated in the answering of these requests.

Dated at Rhinelander, Wisconsin this 22nd day of June, 2022.

HABUSH HABUSH & ROTTIER S.C. ®
Attorneys for Plaintiffs


By: /s/ Peter M. Young_____
            Peter M. Young
            State Bar #1062054


MAILING ADDRESS:

126 E. Davenport Street
Rhinelander, WI  54501

Telephone:  (715) 365-1900
pyoung@habush.com